MELINDA HAAG (CABN 132612)
United States Attorney

J. DOUGLAS WILSON (DCBN 412811)
Chief, Criminal Division

KATHRYN HAUN (DCBN 484131)
Assistant United States Attorney

    450 Golden Gate Avenue
    San Francisco, CA  94102
    Telephone: (415) 436-7200
    FAX: (415) 436-7234
    Kathryn.haun@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 09-CR-945-TEH |
| v. | AMENDED [~~PROPOSED~~] ORDER RE: PREHEARING DETENTION |
| RICARDO ORLEANNA, | |
|     Defendant | |

The defendant came before this Court on October 8, 2014, for a detention hearing on an Amended Form 12. Assistant United States Attorney Kathryn Haun represented the United States. Probation Officer Bobby Love appeared for the Probation Department. The defendant was present and represented by Assistant Federal Public Defender Jodi Linker.

The United States requested detention, submitting that the defendant had not met his burden of demonstrating by clear and convincing evidence that he did not pose a danger to the community.

Upon consideration of the proffers of the parties, and the court file, including its recitation of the defendant's criminal history, the Court finds that the defendant has failed to meet his burden by clear

[PROPOSED] ORDER RE: PREHEARING DETENTION

and convincing evidence that he does not present a danger to the community absent detention. See 18 U.S.C. § 3143(a); see also Fed. R. Crim. Pro. 32.1(a)(6). The Court therefore orders the defendant detained.

The present Order supplements the Court's findings at the hearing and serves as written findings of fact and a statement of reasons. See 18 U.S.C. § 3142(i). The Bail Reform Act of 1984, 18 U.S.C. § 3141-50, sets forth the factors which the Court considers in determining whether detention is warranted. In coming to its decision, the Court has considered those factors, paraphrased below:

(1) the nature and seriousness of the offense charged;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person including, among other considerations, employment, past conduct and criminal history, and records of court appearances; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

In considering all of the facts and proffers presented at the hearing, the Court finds the following factors among the most compelling in reaching its conclusion:

(1) The defendant has a serious and violent criminal history, much of it involving firearms, and stands before this Court having been alleged to have been carrying another firearm while still on federal supervised release. This is the not the defendant's first Form 12 violation, and he was earlier this year sentenced to a halfway house for a prior violation;

(2) The defendant is a known Norteno gang member and has a history of associating with Norteno gang members. He was stopped in an area known for its gang activity while alleged to have been wearing gang colors and with a firearm; and

(3) The defendant's prior criminal history includes a federal conviction for a violation of 18 U.S.C. 922(g) and that involved his possession of a pistol grip shotgun that had an altered and/or obliterated serial number. The complaint and the Plea Agreement and its factual basis in that case reveal those facts. Further, the government noted that the arrest leading to that

[PROPOSED] ORDER RE: PREHEARING DETENTION

prior conviction involved the defendant's physically assaulting a third party.

Accordingly, pursuant to 18 U.S.C. § 3142(i), IT IS ORDERED THAT:

(1) the defendant is committed to the custody of the Attorney General for confinement in a corrections facility;

(2) the defendant be afforded reasonable opportunity for private consultation with his counsel;

(3) on Order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.

This order is made without prejudice to the defendant's making a further showing regarding detention in the future, should new information become available.

IT IS SO ORDERED.

DATED: 10/8/14

HON. NANDOR J. VADAS
U.S. Magistrate Court

[PROPOSED] ORDER RE: PREHEARING DETENTION

3